UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 20-cv-0903 (WMW/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| James Midtling, | |
| Defendant | |

Before the Court are Plaintiff United States of America's motion for summary judgment, (Dkt. 18), and motion for voluntary dismissal, (Dkt. 29). For the reasons addressed below, the motions are granted.

## BACKGROUND

Defendant James Midtling is a resident of Dakota County, Minnesota. The United States alleges that Midtling owes federal income tax from tax years 2008, 2009, 2011, 2015, 2016, and 2018. Consequently, the Internal Revenue Service (IRS), at the direction of the Secretary of the Treasury, made assessments against Midtling for federal income tax, interest and penalties for those years.

Midtling admits in his answer that he is liable for federal income tax assessments from tax years 2011, 2015, 2016, and 2018. Midtling further "[a]dmits that the United States is entitled to judgment and the relief sought with respect to the amounts claimed for tax years 2011, 2015, 2016, and 2018." Midtling denies that he is liable for federal income tax assessments from tax years 2008 and 2009 and denies that the United States is entitled

to judgment and the relief it seeks as to those two tax years. As an affirmative defense, Midtling contends that the ten-year statute of limitations for the assessments from tax years 2008 and 2009 has expired, pursuant to 26 U.S.C. § 6502. The United States alleges that the statute of limitations for tax year 2008 was extended to April 20, 2020, when Midtling entered into an installment agreement with the IRS and made an offer-in-compromise to the IRS, which the IRS rejected. The United States does not allege that tax year 2009 was included in the installment agreement and does not explain why the United States believes it can collect on the assessment for tax year 2009 notwithstanding the ten-year statute of limitations.

In April 2021, during the pendency of this lawsuit and before the United States filed its motion for summary judgment, Midtling sold his residence. Because of the tax liens filed against Midtling's residence, $449,769.60 of the proceeds from the sale of Midtling's residence were transmitted to the IRS as partial payment on Midtling's tax debts. The IRS applied the $449,769.60 payment to the liabilities for tax years 2008 and 2009, fully satisfying those balances, and to the liabilities for tax year 2011, as a partial payment.

Because Midtling admitted in his answer that he is liable for unpaid federal income tax assessments for tax years 2011, 2015, 2016, and 2018, the United States moves for summary judgment as to the tax assessments for tax years 2011, 2015, 2016, and 2018. The United States requests judgment against Midtling for the assessments from tax years 2011, 2015, 2016, and 2018, in the amount of $241,497.87 as of September 1, 2021, plus interest accruing thereafter according to law. Midtling opposes the United States's motion for summary judgment based on Midtling's contention that he is not liable for the

assessments for tax years 2008 and 2009 because the statute of limitations has expired as to those debts. Consequently, Midtling argues, his $449,769.60 payment should have been applied to tax years 2011, 2015, 2016, and 2018, which would have fully satisfied those debts and would have precluded the United States from moving for summary judgment in its favor as to tax years 2011, 2015, 2016, and 2018.

The United States also moves to partially dismiss the part of Count I of its complaint to the extent that Count I alleges tax liabilities from tax years 2008 and 2009. The United States argues that, because Midtling's tax liabilities from tax years 2008 and 2009 were satisfied by the proceeds from the April 2021 sale of Midtling's residence, the United States no longer seeks to reduce the assessments from tax years 2008 and 2009 to judgment. Therefore, the United States contends, the allegations in Count I pertaining to tax liabilities from tax years 2008 and 2009 are moot. Midtling counters that he did not voluntarily make a payment on these tax liabilities. Instead, Midtling argues, when the IRS collected Midlting's equity in the residence he sold pursuant to the tax liens against the residence and the IRS improperly applied these funds to uncollectable tax years. Midtling continues to contest whether the IRS was permitted to collect on the assessments from tax years 2008 and 2009 given the ten-year statute of limitations.

## ANALYSIS

### I.  The United States's Motion for Voluntary Dismissal

The United States and Midtling disagree as to whether the Court should partially dismiss Count I of the United States's complaint to the extent that Count I pertains to tax

assessments for tax years 2008 and 2009. The United States contends that partial dismissal is warranted pursuant to Federal Rules of Civil Procedure 15(a) and 41(a).

"[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Rule 41(a) "appli[es] only to the voluntary dismissal of *all* claims against the defendant." 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2362 (4th ed. April 2022 Update) (emphasis added). Rule 41(a) is not the proper mechanism by which a plaintiff can eliminate only a portion of the plaintiff's claims. *See Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018) (concluding that Rule 41(a) is an improper procedural vehicle to dismiss only a portion of claims within action); *Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 720 (5th Cir. 2010) ("Rule 41(a) dismissal only applies to the dismissal of an entire action—not particular claims."); *ECASH Techs., Inc. v. Guagliardo*, 35 F. App'x 498, 499 (9th Cir. 2002) (explaining that, because the appellant's "purported dismissal was of less than all counterclaims, Rule 41(a) was inapplicable"); *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001) (observing that Rule 41(a) does not permit "dismissing one claim in a suit" but instead is a mechanism by which a plaintiff may dismiss "the whole case"). Here, the United States seeks something even more piecemeal than dismissing a subset of counts raised in a complaint. The United States seeks to dismiss a *portion* of the sole count that the United States asserts in its complaint. The United States cites no legal authority, and the Court is not aware of any, that provides a basis for the Court to order dismissal of a portion of a single count.

4

Notwithstanding the United States's suggestion in a footnote that, when a plaintiff seeks to dismiss a subset of claims, the distinction between Rule 15(a) and Rule 41(a) is immaterial, the distinction is material. The United States has failed to request the Court's leave to amend its complaint pursuant to Rule 15(a) or provide the Court with legal authority supporting its requested amendment. Because Rule 15(d) provides that any "transaction, occurrence, or event that happened after the date of the pleading" should be set forth in a supplemental pleading, Fed. R. Civ. P. 15(d), an amended pleading pursuant to Rule 15(a) "only should relate to matters that have taken place prior to the date of the earlier pleading." 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1473 (3d ed. 2021); *see also Ford Motor Co. v. United States*, 896 F. Supp. 1224, 1230 (Ct. Int'l Trade 1995). Here, the United States seeks to amend its complaint in light of events that transpired *after* the United States filed its complaint. For this reason, even if the United States had properly requested leave of this Court to amend its complaint pursuant to Rule 15(a), which it has not, the Court would not grant that request because Rule 15(a) is an improper vehicle to accomplish the United States's aims.

For these reasons, the Court denies the United States's motion for voluntary partial dismissal of a portion of Count I. However, because this Court is taking into account matters outside of the pleadings, the Court will construe the United States's motion for voluntary partial dismissal as a motion for summary judgment. *See Onyiah v. St. Cloud State Univ.*, 655 F. Supp. 2d 948, 960 (D. Minn. 2009) (explaining that "[a] Motion to Dismiss can be converted to a Rule 56 Motion for Summary Judgment if matters outside the pleadings are presented to and not excluded by the court" (internal quotation marks

omitted)). In doing so, the Court will analyze the arguments the United States raises in both its motion for summary judgment and its motion to voluntarily dismiss part of its claim in accordance with the standard for a motion for summary judgment, Rule 56, Fed. R. Civ. P.

## II. Summary Judgment

Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor, the record establishes that there is "no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Windstream Corp. v. Da Gragnano*, 757 F.3d 798, 802–03 (8th Cir. 2014). A genuine dispute as to a material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When asserting that a fact is genuinely disputed, the nonmoving party must cite "particular parts of materials in the record" that support the assertion. Fed. R. Civ. P. 56(c)(1)(A); *accord Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995).

The United States moves for summary judgment as to assessments from tax years 2011, 2015, 2016, and 2018. The United States also moves for voluntary dismissal as to assessments from tax years 2008 and 2009, which this Court construes as a motion for summary judgment. Midtling opposes both motions, arguing that, although he is liable as to assessments for tax years 2011, 2015, 2016, and 2018, the United States impermissibly applied the proceeds from the sale of his residence to time-barred assessments from tax

years 2008 and 2009. Midtling contends that the Court, therefore, should deny the motion for summary judgment.

### 1.     Assessments from Tax Years 2008 and 2009

The parties do not dispute that Midtling is not liable as to the assessments from tax years 2008 and 2009. But the parties disagree as to *why* Midtling is no longer liable as to these two assessments and how the Court should resolve this dispute. The United States contends that Midtling is not liable for the assessments from tax years 2008 and 2009 because Midtling paid those outstanding liabilities in April 2021 through the sale of his residence. Midtling agrees that he is not liable on the assessments from tax years 2008 and 2009 but argues that he is not liable because the IRS is time-barred from collecting on those debts pursuant to the ten-year statute of limitations. Without conceding that collection is barred, the United States contends that, pursuant to 26 U.S.C. § 7422, Midtling must exhaust his administrative remedies as to any wrongful-collection dispute before raising such claims in a lawsuit.

Section 7422(a) provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). Section 7422(a) requires the exhaustion of administrative remedies, *United States v. Williams*, 514 U.S. 527, 533 (1995), and Midtling has not submitted a

claim for a refund or credit to the Secretary of the Treasury. Midtling nonetheless urges the Court to invalidate the IRS's collection of the assessments from tax years 2008 and 2009, citing judicial economy and cost minimization as justifications for the Court to invalidate the IRS's application of the proceeds from the sale of Midtling's residence to the assessments from tax years 2008 and 2009. Midtling's arguments lack merit. The law is clear. Before Midtling may dispute in this Court the legality of the IRS's collection on the assessments from tax years 2008 and 2009, Midtling must exhaust his administrative remedies. Because both parties agree that Midtling is not presently liable on the tax assessments from tax years 2008 and 2009, and Midtling has not requested a refund for wrongful collection as to those years from the Secretary of the Treasury, there is no genuine dispute as to the material fact that Midtling is not liable for tax years 2008 and 2009. For these reasons, the Court grants summary judgment in favor of the United States as to Midtling's lack of liability for the assessments from tax years 2008 and 2009.

### 2. Assessments from Tax Years 2011, 2015, 2016, and 2018

The United States moves for summary judgment on the basis of Midtling's admission in his answer that he is liable for and "the United States is entitled to judgment and the relief sought with respect to the amounts claimed for tax years 2011, 2015, 2016, and 2018." Midtling does not dispute his admission in his answer. But Midtling contends that he would have fully satisfied the amounts owed on tax years 2011, 2015, 2016, and 2018 if the IRS had properly applied the proceeds of the April 2021 sale of Midtling's residence to the amounts owed on tax years 2011, 2015, 2016, and 2018, rather than to the

amounts owed on tax years 2008 and 2009, on which Midtling contends the ten-year statute of limitations bars the United States from collecting.

"As a rule, '[a]dmissions in the pleadings . . . are in the nature of judicial admissions binding upon the parties, unless withdrawn or amended.' " *Mo. Hous. Dev. Comm'n v. Brice*, 919 F.2d 1306, 1314 (8th Cir. 1990) (quoting *Scott v. Comm'r of Internal Revenue*, 117 F.2d 36, 40 (8th Cir. 1941)). "[E]ven if the post-pleading evidence conflicts with the evidence in the pleadings, admissions in the pleadings are binding on the parties and may support summary judgment against the party making such admissions." *Id.* at 1315.

Here, Midtling admits that he is liable for the amounts he owes for tax years 2011, 2015, 2016, and 2018, and the United States is entitled to judgment and the relief sought with respect to those amounts. Midtling has not amended or withdrawn his answer so as to retract his admission that he is liable for assessments from those tax years. Rather, Midtling argues that the IRS misapplied his equity payment. Midtling contends that the IRS should have applied the equity payment to tax years 2011, 2015, 2016, and 2018 instead of tax years 2008 and 2009. Yet, Midtling concedes that it is within the IRS's discretion to choose the tax years to which it will apply a taxpayer payment. Because he did not amend or withdraw his answer to reflect his new position as to amounts owed on tax years 2011, 2015, 2016, and 2018, Midtling's prior admissions are binding as to those years. In addition, as discussed in the preceding analysis, if Midtling seeks to dispute whether the IRS lawfully applied his $449,769.60 payment to the assessments from tax years 2008 and 2009, he must contest the collection administratively with the Secretary of the Treasury before asking this Court to adjudicate the dispute. For these reasons, there is

no dispute as to the material fact that Midtling is liable for the assessments from tax years 2011, 2015, 2016, and 2018, and the Court grants summary judgment to the United States as to those years.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED:**

1. Plaintiff United States of America's motion for summary judgment, (Dkt. 18), is **GRANTED**.

2. Plaintiff United States of America's motion to dismiss, which this Court construes as a motion for summary judgment, (Dkt. 29), is **GRANTED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  July 18, 2022                              s/Wilhelmina M. Wright
                                                                           Wilhelmina M. Wright
                                                                           United States District Judge